**19SL-CC03980**

## IN THE MISSOURI CIRCUIT COURT
## FOR THE TWENTY-FIRST JUDICIAL CIRCUIT
## COUNTY OF ST. LOUIS

| | | |
|---|---|---|
| **GOOD TIMES, INC. d/b/a** | ) | |
| **AMERICAN CARNIVAL MART** | ) | |
| **and d/b/a PARTY LAND,** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SEMI - TRAILER SERVICES, INC.** | ) | |
| **d/b/a SEMI TRAILER BIG BOX,** | ) | |
| | ) | |
| Serve: | ) | |
| **Bruce W. Frost** | ) | |
| **Registered Agent** | ) | |
| **2138 Alto Road** | ) | |
| **Waxahachie, TX 75167** | ) | |
| | ) | |
| **Person in Charge of Office** | ) | |
| **6301 South I-45** | ) | |
| **Wilmer, TX 75172** | ) | |
| | ) | |
| or | ) | |
| | ) | |
| **Matthew W. Vohs** | ) | |
| **Registered Agent/CFO** | ) | |
| **Patti Vohs, CEO/Secretary** | ) | |
| **3999 Pate Rd.** | ) | |
| **Loganville, GA, 30052** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **BRUCE WAYNE FROST d/b/a** | ) | |
| **SEMI-TRAILER BIG BOX,** | ) | |
| | ) | |
| Serve: | ) | |
| **2138 Alto Rd.** | ) | |
| **Waxahachie, TX 75167** | ) | |
| | ) | |
| Defendants. | ) | |

## CLASS ACTION JUNK-FAX PETITION

Plaintiff Good Times, Inc. d/b/a American Carnival Mart and d/b/a Party Land brings this junk-fax class action, on behalf of itself and all others similarly situated, against Defendant Semi - Trailer Services, Inc. d/b/a Semi Trailer Big Box and d/b/a Semi-Trailer Big Box and Defendant Bruce Wayne Frost d/b/a Semi-Trailer Big Box under the Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 U.S.C. § 227, and the regulations promulgated thereunder (individually and collectively, "TCPA").

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Good Times, Inc. d/b/a American Carnival Mart and d/b/a Party Land is a Missouri corporation with its principal place of business in St. Louis County.

2.      Defendant Semi - Trailer Services, Inc. d/b/a Semi-Trailer Big Box and d/b/a Semi Trailer Big Box is a Georgia corporation with its principal office address and its registered office address in Gwinnett County, Georgia. A true and accurate copy of Semi - Trailer Services, Inc.'s Annual Registration filed with the Georgia Secretary of State on March 27, 2019, is attached as **Exhibit 1**.

3.      Semi - Trailer Services, Inc., is registered with Texas Secretary of State in order to transact business in Texas as a foreign corporation. A true and accurate copy of Semi - Trailer Services, Inc.'s July 20, 2006 Application for Registration of a Foreign For-Profit Corporation with the Texas Secretary of State is attached as **Exhibit 2**.

4.      On November 29, 2016, Semi - Trailer Services, Inc., filed with the Texas Secretary of State an Assumed Name Certificate for the assumed name

2

"Semi Trailer Big Box."  A true and accurate copy of that Assumed Name Certificate is attached as **Exhibit 3**.

5.      Missouri Revised Statutes § 351.574.4 states, in part, that "[e]very foreign corporation now doing business in or which may hereafter do business in this state without a certificate of authority shall be subject to a fine of not less than one thousand dollars to be recovered before any court of competent jurisdiction."

6.      Semi - Trailer Services, Inc., does not have a certificate of authority issued by the Missouri Secretary of State to transact business in Missouri.

7.      Defendant Bruce Wayne Frost d/b/a Semi-Trailer Big Box is an individual who resides in Waxahachie, Texas.

8.      According to Frost's profile on LinkedIn, Frost is "Equipment Sale Manager" at "Semi-Trailer Big Box."  https://www.linkedin.com/in/bruce-frost-aa63802a/ (last visited Sept. 2, 2019).

9.      Missouri Revised Statutes § 417.20 states "[t]hat every name under which any person shall do or transact any business in this state, other than the true name of such person, is hereby declared to be a fictitious name, and it shall be unlawful for any person to engage in or transact any business in this state under a fictitious name without first registering same with the secretary of state as herein required."

10.     As of September 3, 2019, Frost had not registered "Semi-Trailer Big Box" as a fictitious name with the Missouri Secretary of State.

11.     As of September 3, 2019, Semi - Trailer Services, Inc., had not

registered "Semi-Trailer Big Box" as a fictitious name with the Missouri Secretary of State.

12.    This Court has personal jurisdiction over Defendants under 47 U.S.C. § 227(b)(3), because Defendants sent at least one illegal fax into Missouri, Defendants transact business within this state, Defendants have made contracts within this state, Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner, or Defendants otherwise have sufficient minimum contacts with this state.

13.    Venue is proper under Missouri Revised Statutes § 508.010.2(4).

### THE FAX

14.    On or about July 17, 2019, Defendants, or someone acting on their behalf, used a telephone facsimile machine, computer, or other device to send to Plaintiff's telephone facsimile machine at (314) 991-6884 an unsolicited advertisement, a true and accurate copy of which is attached as **Exhibit 4** (Fax).

15.    Plaintiff received the Fax through Plaintiff's facsimile machine.

16.    The header atop the Fax identifies the sender's fax number as "6783252398."

17.    Fax number 678-325-2398 is the fax number for Semi - Trailer Services, Inc.'s Georgia location advertised online.

18.    **Exhibit 5** is a true and accurate copy of the website for Semi-Trailer Big Box.  https://www.semitrailerbigbox.com/locations.htm (last visited Sept. 2, 2019)

19.    A    portion    of    Exhibit    5    is    pasted    below:



20.    The Fax constitutes material advertising the quality or commercial availability of any property, goods, or services.

21.    Plaintiff, a carnival supply store, which has never purchased a used trailer, had no interest in buying a used cartage trailer from Defendants.

22.    On information and belief, Defendants have sent other facsimile transmissions of material advertising the quality or commercial availability of property, goods, or services to at least 40 other persons as part of a plan to broadcast fax advertisements, of which the Fax is an example, or, alternatively, the Fax was sent on Defendants' behalf.

23.    Defendants, rather than Plaintiff, possess or control information as to the precise number of unsolicited fax advertisements they sent, as well as the

recipients' fax numbers; Plaintiff demands that Defendants preserve all relevant documents.

24.    On information and belief, Defendants approved, authorized and participated in the scheme to broadcast fax advertisements by (a) directing a list to be purchased or assembled, (b) directing and supervising employees or third parties to send the faxes, (c) creating and approving the fax form to be sent, and (d) determining the number and frequency of the facsimile transmissions.

25.    Defendants had a high degree of involvement in, actual notice of, or ratified the unlawful fax broadcasting activity and failed to take steps to prevent such facsimile transmissions.

26.    Defendants created, made, or ratified the sending of the Fax and other similar or identical facsimile advertisements to Plaintiff and to other members of the "Class" as defined below.

27.    The Fax to Plaintiff and, on information and belief, the similar facsimile advertisements sent by Defendants, lacked a proper notice informing the recipient of the ability and means to avoid future unsolicited advertisements.

28.    Under the TCPA and 47 C.F.R. § 64.1200(a)(4)(iii), the opt-out notice for unsolicited faxed advertisements must meet the following criteria:

(A)    The notice is clear and conspicuous and on the first page of the advertisement;

(B)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

6

(C)     The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

(D)     The notice includes—

    (1)     A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

    (2)     If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E)     The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

29.     The Fax and Defendants' similar facsimile advertisements lacked a notice stating that the recipient may make a request to the sender of the advertisement not to send future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting 47 C.F.R. § 64.1200(a)(4)(v)'s requirements is unlawful.

30.     The opt-out notice on the Fax lacked a facsimile number to which an opt-out request could be sent.

31.     The transmissions of unsolicited facsimile advertisements, including the Fax, to Plaintiff, lacked a notice that complied with 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)(iii).

32. On information and belief, Defendants faxed the same or other substantially similar facsimile advertisements to the members of the Class in Missouri and throughout the United States without first obtaining the recipients' prior express invitation or permission.

33. Defendants violated the TCPA by transmitting the Fax to Plaintiff and to the Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4).

34. Defendants knew or should have known that (a) facsimile advertisements, including the Fax, were advertisements, (b) Plaintiff and the other Class members had not given their express invitation or permission to receive facsimile advertisements, (c) no established business relationship existed with Plaintiff and the other Class members, and (d) Defendants' facsimile advertisements did not display a proper opt-out notice.

35. Pleading in the alternative to the allegations that Defendants knowingly violated the TCPA, Plaintiff alleges that Defendants did not intend to send transmissions of facsimile advertisements, including the Fax, to any person where such transmission was not authorized by law or by the recipient, and to the extent that any transmissions of facsimile advertisement was sent to any person and such transmission was not authorized by law or by the recipient, such transmission was made based on Defendants' own understanding of the law or on the representations of others on which Defendants reasonably relied.

36.    The transmissions of facsimile advertisements, including the Fax, to Plaintiff and the Class caused concrete and personalized injury, including unwanted use and destruction of their property, e.g., toner or ink and paper, caused undesired wear on hardware, interfered with the recipients' exclusive use of their property, cost them time, occupied their fax machines for the period of time required for the electronic transmission of the data, and interfered with their business or personal communications and privacy interests.

## CLASS ACTION ALLEGATIONS

37.    Plaintiff brings this class action on behalf of the following class of persons, hereafter, the "Class":

> All persons in the United States who on or after four years prior to
> the filing of this action, (1) were sent by or on behalf of Defendants
> a telephone facsimile message of material advertising the
> commercial availability or quality of any property, goods, or
> services, (2) with respect to whom Defendants cannot provide
> evidence of prior express invitation or permission for the sending of
> such fax or (3) with whom Defendants did not have an established
> business relationship, and (4) the fax identified in subpart (1) of
> this definition (a) did not display a clear and conspicuous opt-out
> notice on the first page stating that the recipient may make a
> request to the sender of the advertisement not to send any future
> advertisements to a telephone facsimile machine or machines and
> that failure to comply, within 30 days, with such a request meeting
> the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful or
> (b) lacked a facsimile number for sending the opt-out request.

38.    Excluded from the Class are Defendants, their employees, agents, and members of the judiciary.

39.    This case is appropriate as a class action because:

a.    Numerosity. On information and belief, based in part on review of the Fax, which is a generic template and not-recipient specific, the Class

9

includes at least 40 persons and is so numerous that joinder of all members is impracticable.

b.    <u>Commonality.</u>    Questions of fact or law common to the Class predominate over questions affecting only individual Class members, e.g.:

    i.    Whether Defendants engaged in a pattern of sending unsolicited fax advertisements;

    ii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the commercial availability of any property, goods or services;

    iii.    Whether the Fax, and other faxes transmitted by or on behalf of Defendants, contains material advertising the quality of any property, goods or services;

    iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which Defendants sent the Fax and other unsolicited faxed advertisements;

    v.    Whether Defendants faxed advertisements without first obtaining the recipients' prior express invitation or permission;

    vi.    Whether Defendants violated 47 U.S.C. § 227;

    vii.    Whether Defendants willfully or knowingly violated 47 U.S.C. § 227;

    viii.    Whether Defendants violated 47 C.F.R. § 64.1200;

    ix.    Whether the Fax, and the other fax advertisements sent by or on behalf of Defendants, displayed the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4);

    x.    Whether the Court should award statutory damages per TCPA violation per fax;

    xi.    Whether the Court should award treble damages per TCPA violation per fax; and

    xii.    Whether the Court should enjoin Defendants from sending TCPA-violating facsimile advertisements in the future.

c.    <u>Typicality.</u>    Plaintiff's claim is typical of the other Class members' claims, because, on information and belief, the Fax was substantially the same as the faxes sent by or on behalf of Defendants to the Class, and

Plaintiff is making the same claim and seeking the same relief for itself and all Class members based on the same statute and regulation.

d.      Adequacy.  Plaintiff will fairly and adequately protect the interests of the other Class members.  Plaintiff's counsel is experienced in TCPA class actions, having litigated more than 100 such cases, and having been appointed class counsel in multiple cases.  Neither Plaintiff nor its counsel has interests adverse or in conflict with the Class members.

e.      Superiority.  A class action is the superior method for adjudicating this controversy fairly and efficiently.  The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

40.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1).

41.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

42.     The TCPA provides:

Private right of action. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:

11

(A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)    Both such actions.

47 U.S.C. § 227(b)(3)(A)-(C).

43.    The TCPA also provides that the Court, in its discretion, may treble the statutory damages if a defendant "willfully or knowingly" violated Section 227(b) or the regulations prescribed thereunder.

44.    Defendants' actions caused concrete and particularized harm to Plaintiff and the Class, as

a.    receiving Defendants' faxed advertisements caused the recipients to lose paper and toner consumed in printing Defendants' faxes;

b.    Defendants' actions interfered with the recipients' use of the recipients' fax machines and telephone lines;

c.    Defendants' faxes cost the recipients time, which was wasted time receiving, reviewing, and routing the unlawful faxes, and such time otherwise would have been spent on business activities; and

d.    Defendants' faxes unlawfully interrupted the recipients' privacy interests in being left alone and intruded upon their seclusion.

45.    Defendants intended to cause damage to Plaintiff and the Class, to violate their privacy, to interfere with the recipients' fax machines, or to

consume the recipients' valuable time with Defendants' advertisements; therefore, treble damages are warranted under 47 U.S.C. § 227(b)(3).

46.     Defendants knew or should have known that (a) Plaintiff and the other Class members had not given express invitation or permission for Defendants or anyone else to fax advertisements about Defendants' property, goods, or services, (b) Defendants did not have an established business relationship with Plaintiff and the other Class members, (c) the Fax and the other facsimile advertisements were advertisements, and (d) the Fax and the other facsimile advertisements did not display the proper opt-out notice.

47.     Defendants violated the TCPA by transmitting the Fax to Plaintiff and substantially similar facsimile advertisements to the other Class members without obtaining their prior express invitation or permission and by not displaying the proper opt-out notice required by 47 C.F.R. § 64.1200(a)(4)(iii).

WHEREFORE, Plaintiff Good Times, Inc. d/b/a American Carnival Mart and d/b/a Party Land, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a.     certify this action as a class action and appoint Plaintiff as Class representative;

b.     appoint the undersigned counsel as Class counsel;

c.     award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d.     award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e.     enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f.     award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g.     award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h.     award Plaintiff prejudgment interest and costs; and

i.     grant Plaintiff all other relief deemed just and proper.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendants take affirmative steps to preserve all records, lists, electronic databases, or other itemization of fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein. If Defendants used a third party to transmit the faxes, Defendants shall ensure that such documents are preserved as well.

SCHULTZ & ASSOCIATES LLP

By: _Ronald J Eisenberg_

Ronald J. Eisenberg, #48674
640 Cepi Drive, Suite A
Chesterfield, MO 63005
636-537-4645
Fax: 636-537-2599
reisenberg@sl-lawyers.com

*Attorney for Plaintiff*